UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TIMOTHY AUGUSTUS WARD,     Petitioner/Defendant,

v.     Civil Action No. 3:17-cr-11-DJH

COMMONWEATLH OF KENTUCKY,     Respondent/Plaintiff.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Petitioner/Defendant Timothy Augustus Ward's (hereinafter, Petitioner) notice of removal (DN 1) of a state court criminal proceeding to federal court pursuant to 28 U.S.C. § 1455. For the reasons that follow, the Court will dismiss the notice of removal and remand the matter to state court.

**I.**

In the notice of removal, Petitioner seeks to remove Hardin County District Court Case Number 16-M-01191. He states, "This case is removable pursuant to 28 U.S C. § 1455, because the defendant, allege causes of action arising from the deprivation of rights, privileges, and immunities secured to me as a citizen of the commonwealth of Kentucky and the *United States Constitution* 'Amendment 1', 'Amendment 4', 'Amendment 5', 'Amendment 6', 'Amendment 8', '*Amendment 14*'." (Emphasis by Petitioner). He asserts that he "was arrested after he used profanity at a Kentucky State Trooper, Ward also states he subjected to cruel and unusual punishment pursuant to the Eighth Amendments." Petitioner maintains that he has "the right to insult a Trooper under the First Amendment. . . . Trooper Kenneth Joseph Border continued to tase Ward after he used profanity at him." He further alleges that his "right to be free from retaliatory arrest after insulting an officer was clearly established." He also asserts that "a

reasonable officer could not conclude that Ward's outburst provided probable cause for his arrest. . . . Ward's actions leading up to the unlawful arrest was protected speech under the First Amendment. Respondents' has simply assumed that Ward's actions constituted disorderly conduct." The notice of removal includes a discussion of case law concerning protected speech under the First Amendment. Petitioner further asserts that the state court judge has violated his rights, and he requests an evidentiary hearing before this Court.

## II.

In support of removal, Petitioner cites 28 U.S.C. § 1455, which provides a procedure for removal of a criminal prosecution. While § 1455 governs the *procedure* for removal, it does not authorize the *substantive* right of removal. Rather, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Id.* at 219 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting

2

> against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Id*. "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Petitioner's notice of removal neither alleges racial inequality nor that there is a formal expression of state law preventing him from enforcing his rights in state court. Rather, it appears from the notice that he believes that the state court officials have acted improperly in his case alone. This is insufficient to justify removal. "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Greenwood*, 384 U.S. at 827. Because Petitioner has alleged only improper actions by select state officials allegedly operating outside of the law, he must seek vindication of his rights through the state appellate courts. For these reasons, removal is not proper under § 1443(1).

Nor does Petitioner's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights' has been examined and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit*

*Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Greenwood*, 384 U.S. at 815). As to the second clause of § 1443(2), "[i]t is clear that removal under that language is available only to state officers." *Greenwood*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Petitioner is not a federal officer or a person assisting a federal officer in the performance of his duties or a state officer, neither clause of § 1443(2) applies.

### III.

Because removal is not authorized, the Court is without jurisdiction to entertain Petitioner's criminal action.[1] As such, the Court will dismiss the notice of removal and summarily remand the action pursuant to 28 U.S.C. § 1455(b)(4).[2]

Furthermore, Petitioner's request for an evidentiary hearing is **DENIED as moot**.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: March 10, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Petitioner/Defendant, *pro se*
　　Clerk, Hardin District Court (16-M-01191)
4415.010

---

[1] Petitioner filed a separate 42 U.S.C. § 1983 civil rights action in this Court challenging the constitutionality of his arrest. *See* Civil Action No. 3:16-cv-393-GNS.

[2] Pursuant to § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."